1   Vanessa R. Waldref
2   United States Attorney
    Eastern District of Washington
3   Frances E. Walker
4   Assistant United States Attorney
    402 E. Yakima Avenue, Suite
5   210 Yakima, WA 98901
6   Telephone:  (509) 454-4425

7
                  UNITED STATES DISTRICT COURT
8          FOR THE EASTERN DISTRICT OF WASHINGTON
9
    UNITED STATES OF AMERICA,            Case No.:  1:22-CR-02109-SAB-2
10
11              Plaintiff,               Motion for Detention
12
             v.
13
14  CHRISTOPHER VAUGHN SCHLAX,
15              Defendant.
16

17      The United States moves for pretrial detention of Defendant, pursuant to 18

18  U.S.C. § 3142(e) and (f).

19
20      1.      Eligibility of Case

21      This case is eligible for a detention order because the case involves (check

22  one or more):
23

24      ☒      Crime of violence (as defined in 18 U.S.C. § 3156(a)(4) which

25
26  includes any felony under Chapter 77, 109A, 110 and 117);

27      ☐      Maximum penalty of life imprisonment or death;

28

Motion for Detention - 1

☐      Drug offense with maximum penalty of 10 years or more;

☐      Felony, with two prior convictions in above categories;

☐      Felony that involves a minor victim or that involves the possession or use of a firearm or destructive device as those terms are defined in 18 U.S.C. § 921, or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☒      Serious risk Defendant will flee; or

☒      Serious risk obstruction of justice.

2.      <u>Reason for Detention</u>

The Court should detain Defendant because there is no condition or combination of conditions which will reasonably assure (check one or both):

☒      Defendant's appearance as required; or

☒      Safety of any other person and the community.

3.      <u>Rebuttable Presumption</u>.

The United States  ☒ will  ☐ will not  invoke the rebuttable presumption against Defendant under 18 U.S.C. § 3142(e).

If the United States is invoking the presumption, it applies because there is probable cause to believe Defendant committed:

☐      Drug offense with maximum penalty of 10 years or more;

Motion for Detention - 2

☐      An offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☒      An offense under 18 U.S.C. §§ 2332b (g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐      An offense under chapter 77 of Title 18, United States Code, for which a maximum term of imprisonment of 20 years or more is prescribed;

☐      An offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425;

☐      Other circumstances as defined in 18 U.S.C. § 3142(e)(2).

4.      <u>Time for Detention Hearing</u>

The United States requests that the Court conduct the detention hearing:

☒      At the first appearance, or

☐      After a continuance of three days.

5.      <u>No Contact Order</u>

The United States further requests, in addition to pretrial confinement, that Defendant be subject to the following condition:

Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim

Motion for Detention - 3

1  or potential witness in the subject investigation or prosecution.  Prohibited forms of

2  contact include, but are not limited to, telephone, mail, email, text, video, social

3

4  media, and/or any contact through any third person or parties.

5      Dated: November 14, 2022.

6                                          Vanessa R. Waldref
                                           United States Attorney
7

8                                          s/Frances E. Walker

9                                          Frances E. Walker
                                           Assistant United States Attorney
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion for Detention - 4